UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FIFTH DIVISION

---

| | |
|---|---|
| Kathleen A. Petrow, | Court File No.  20-cv-562 |
| Plaintiff, | |
| vs. | **PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |
| The City of Duluth, | |
| Defendant. | |

---

Plaintiff Kathleen A. Petrow submits the following memorandum of law in opposition to Defendant City of Duluth's Motion to Dismiss.

## INTRODUCTION

Defendant City of Duluth seeks to have Plaintiff's claim dismissed on two separate grounds under Fed. R. Civ. P. 12(b)(6). First, Defendant claims Plaintiff's complaint fails to meet federal pleading standards, both in terms of detail and in support of subject-matter jurisdiction. Second, Defendant claims Plaintiff's complaint fails to state a claim upon which relief can be granted.

## ARGUMENT

I. **Plaintiff's complaint meets the pleading requirements of Fed. R. Civ. P. 8 (a).**

Defendant claims the Plaintiff's complaint does not contain sufficient detail according to the pleading standards of Fed. R. Civ. P. 8 (a) as interpreted by the Supreme Court in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 173 L.Ed2d 868, 556 U.S. 662, 77 USLW 4387 (2009). Defendant misinterprets the pleading standard.

"In considering a motion to dismiss under Rule 12(b)(6), the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the nonmoving party." (internal citations omitted) *City of Lake Elmo v. 3M Co.*, 237 F.Supp.3d 877 at 885 (D. Minn. 2017). "A pleading must relate 'enough facts to state a claim to relief that is plausible on its face.' *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955. 'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged.' *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id*.

Defendant cites *C.N. v. Willmar Public Schools*, 591 F.3d 624 (8th Cir. 2010), which is readily distinguishable from the case at bar. In *C.N. v. Willmar Public*

*Schools*, the plaintiff alleged a violation of his or her constitutional rights under the Fourteenth Amendment. However, as the court noted, the allegations in that case failed even to identify whether the plaintiff was the victim of the alleged unconstitutional behavior. *Id* at 634.

In the case at bar, if the allegations of the complaint are taken as true, Plaintiff has successfully shown a cause of action against Defendant. Plaintiff's complaint states the date, location, and persons involved in the injury. See Complaint at Paragraph 3. The number of miles of road maintained by the City of Duluth is irrelevant, as the Complaint needs only to establish that the City of Duluth is appropriate party against which relief is sought. Defendant does not deny the injury happened in the City of Duluth, or claim that there are streets or sidewalks within the city for which the Defendant would not be liable in the case of negligence resulting in injury. Plaintiff is not required by Fed. R. Civ. P. 8 (a) or any case law to plead the litany of details Defendant insists are required, such as weather conditions, what the Plaintiff was doing on a public road, or "in what way the street lighting is alleged to have been deficient." These facts will be discovered in the course of litigation and are not grounds for dismissal at the pleading stage. See *City of Lake Elmo v. 3M Co.*, 237 F.Supp.3d 877 at 888 (D. Minn. 2017) ("The negligence claim will not be dismissed merely because 3M disputes whether Lake Elmo will be able to prove its allegations.")

Defendant next claims the complaint fails to support this court's subject-matter jurisdiction for the claim based on the amount in controversy. Defendant cites *Penrod v. K&N Eng'g, Inc.*, No. 18-CV-02907 ECT/LIB, 2019 WL 1958652, (D. Minn. May 2, 2019). *Penrod*, however, is easily distinguishable, as it involved the establishment of a class under the Class Action Fairness Act (CAFA). 28 U.S.C. Sections 1332(d), 1453, and 1711–1715. As the court noted in *Penrod*, the complaint in that case failed to establish a class period, the number of products potentially involved, and the damages sustained by each purchaser of the product in question. *Id* at 11-12. Given the requirements imposed by the statute governing CAFA, it was reasonable for the court to conclude the complaint did not provide a "plausible factual basis for the Plaintiff's allegation that amount in controversy is greater than $5 million." *Id* at 12.

No such issues exist in the present case, and the Defendant provides no argument that the relief sought is not facially plausible. The Complaint states the Plaintiff sustained "severe injury in the form of foot and ankle fractures," and Defendant makes no argument that $25,000 is a facially implausible sum for medical treatment of such serious injuries. Similarly, Defendant makes no argument that $65,000 is a facially implausible amount of wage loss for an injury which occurred nearly one year prior to Defendant's motion. See Complaint at paragraph 4.

II. **Plaintiff's Negligence Complaint is Sufficiently Pleaded at this Stage.**

Defendant incorrectly claims, "To state a claim for negligence in Minnesota, a plaintiff must allege that the defendant owed the plaintiff a duty of care; that the defendant breached that duty; and that the breach caused the plaintiff's injury." While Plaintiff agrees that Minnesota Law will govern what must be proven for the Plaintiff to prevail in her negligence claim at jury trial, it is incorrect that Minnesota Law supersedes the Federal Rules of Civil Procedure. Minnesota Law on negligence does not alter the pleading requirements of Fed. R. Civ. P. 8 (a).

Defendant incorrectly cites *Lubbers v. Anderson*, 539 N.W.2d 398 (Minn. 1995) as supporting its conclusion. However, *Lubbers* was a Minnesota case, meaning it holds no authority in the present case, and further was decided according to Minn. R. Civ. P. 56.03, which mirrors Federal Rule for Summary Judgment (See Fed. R. Civ. P. 56), making the case doubly irrelevant at this early stage. In the present case, no discovery has taken place, and, as noted above in *City of Lake Elmo v. 3M Co.*, this court should not dismiss the Plaintiff's claim merely because the Defendant doubts Plaintiff's ability to prove all elements of the claim.

*In re SuperValu, Inc.*, 925 F.3d 955 (8th Cir. 2019), is another irrelevant case cited by Defendant. *In re SuperValu* interpreted Illinois law regarding the duties owed by a grocery store to protect its patrons against "cyberattacks". The 8th Circuit determined the Defendant in that case owed no duty according to Illinois law, but the same cannot be said in the present case.

That municipalities, including the Defendant, owe a duty to maintain their streets and sidewalks in a safe condition for travel is admitted by Defendant. (Def. Memo of Law in Support of Motion to Dismiss at 5-6, "…municipalities owe the public a common-law duty of reasonable care to maintain their streets in a safe condition for travel."). If Plaintiff's allegations are taken as true, the existence of a defect in the street or sidewalk constitutes a facially plausible allegation of negligence on the part of the municipality in charge of said street or sidewalk. Again, the litany of facts Defendant claims must be shown in the Complaint – whether the Defendant had notice, whether the Defendant had an opportunity to correct the defect – are all factual matters to be discovered in the process of litigation.

None of the remaining cases cited by Defendant are relevant in this Rule 12(b)(6) motion. *Jackson v. City of St. Louis Park*, 110 N.W.2d 510 (Minn. 1961), *Bury v. City of Minneapolis*, 102 N.W.2d 706 (Minn. 1960), *Mesberg v. City of Duluth*, 254 N.W. 597 (Minn. 1934), and *Seaton v. Scott County*, 404 N.W.2d 396 (Minn. App. 1987) were all based on post-trial motions. *Freeman v. Vill. of Hibbing*, 211 N.W. 819 (Minn. 1926) was decided on a motion following plaintiff's testimony at trial. *Bojko v. City of Minneapolis*, 191 N.W. 399 (Minn. 1923) was an action based in nuisance, not negligence, and whose facts (Plaintiff sued city on basis that failure to light a city street created an "implied invitation for the commission of crimes", of which plaintiff was a victim) show its irrelevance to the case at bar.

Not one case cited by Defendant supports the granting of this motion before discovery has taken place.

## CONCLUSION

Plaintiff has sufficiently pleaded a cause of action against Defendant City of Duluth, and respectfully requests Defendant's motion to dismiss be denied.

**FALSANI, BALMER, PETERSON & BALMER**

DATE: 4/14/2020   /s/Robb P. Enslin
James W. Balmer (#4376)
Robb P. Enslin (#0390195)
1200 Alworth Building
306 W. Superior St.
Duluth, MN 55802-1800
(218) 723-1990
jwbalmer@falsanibalmer.com
rpenslin@falsanibalmer.com
*Attorneys for Plaintiff*